HAGGARTY v. BURR *et al.*

1. Judgment: CONCLUSIVENESS OF: SCIRE FACIAS. In a proceeding by *scire facias* to subject the individual property of a partner to a judgment rendered by a justice of the peace against the firm of A. B. B. & Bro., the defendant, A. B. B., denied the existence of a firm of that name, or that he had any connection therewith. The transcript of the justice recited that the defendant was served with notice, and appeared, and that upon motion of plaintiff the name of the defendant was changed from S. M. B. & Co. to A. B. B. & Bro., which notice and appearance on the part of defendant was not denied. *Held*, that the justice thus having jurisdiction, the defendant was bound by the judgment and precluded from retrying questions which must have been involved and determined in the original suit.

*Appeal from Johnson District Court.*

THURSDAY, JUNE 6.

SCI. FA.: CONCLUSIVENESS OF JUDGMENT.—This is a proceding by *sci. fa.*, under the statute, by plaintiff, a judgment creditor of " A. B. Burr & Bro.," to subject the individual property of the partners to the payment of his judgment. The adversary parties in this proceding are the plaintiff and A. B. Burr. The latter rests his defense upon a denial of the existence of a firm of " A. B. Burr & Bro.," and upon a denial of his being a member of any such firm. On the trial in the District Court, the transcript of a justice of the peace of Johnson county was introduced in evidence, showing the following facts : That the plaintiff had commenced a suit before the justice against " S. M. Burr & Co.," and that " notice was served and duly returned." On the return day the docket of the justice recites, " that the parties appeared in person, and by their counsel. Motion made by plaintiff's attorney to substitute for the name of the defendants, that of A. B. Burr & Bro., and, it appearing from the testimony of A. B. Burr, that that was the name of the firm, the motion was granted and [the suit] changed to A. B. Burr & Bro. The court then proceeded to the trial of the cause, and, after hearing the proofs, etc., the court decides that there is due the plaintiff $54, and *judgment is rendered therefor against A. B. Burr & Bro.* for the above sum of fifty-four dollars and costs."

On this judgment an execution was issued, and, no partnership property being found, the writ was returned unsatisfied. And thereupon the present proceeding by *sci. fa.* was begun. Evidence was adduced by plaintiff, showing that the "A. B. Burr, who appeared before the

justice, was the same A. B. Burr now in court in this cause on *sci. fa.*, and now present."

A. B. Burr, being sworn as a witness for himself, testified, "That there had never been within his knowledge a firm of A. B. Burr & Bro., nor had he ever been connected with such a firm."

The court rendered judgment, establishing the right of the plaintiff to have execution against the individual property of A. B. Burr. The latter appeals.

*Samuel H. Fairall* for the appellant.

*W. E. Miller* for the appellee.

DILLON, J. — It is the opinion of this court, and we so rule, that the appellant, A. B. Burr, is bound by the judgment of the justice, which was against "A. B. Burr & Bro.," and that he cannot, on *sci. fa.*, re-open the question of the existence of such a firm or his connection therewith.

<span style="float:left">JUDGMENT: conclusiveness of: *scire facias.*</span>

That judgment cannot be treated as a nullity. We must presume (Rev., 1860, § 4120) that the proceedings of the justice were regular. It is not claimed by the appellant that he was not notified of the action before the justice. The transcript shows that notice was served; that A. B. Burr was in court, and that judgment was rendered against A. B. Burr & Bro. If the justice had no jurisdiction over A. B. Burr, he ought, under the statute, to have shown it. Rev., 1860, § 4120. This, however, is not pretended by his counsel. On the contrary, his counsel, in his printed argument, admits that in the plaintiff's suit against "S. M. Burr & Co.," process was served upon them by leaving copy with and reading notice to A. B. Burr, who appeared and denied the existence of said firm, at the date at which it was claimed the

debt was incurred, and disclaimed that he had ever had any connection with a firm of that name.

The justice having jurisdiction over A. B. Burr, he is barred by the judgment; and as he did not appeal from it, or in any way endeavor to reverse or annul it, he is precluded from retrying, on *scire facias*, questions which, from their very nature, were involved and must have been tried and determined in the suit in which the judgment was rendered.

Affirmed.